UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHERI WADE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. __3:22cv00538__ |
| | ) |
| FEDERAL INSURANCE COMPANY | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Sheri Wade ("Ms. Wade"), by counsel, hereby submits her Complaint seeking judgment against Defendant Federal Insurance Company ("Chubb"). In support of her claims, Ms. Wade respectfully alleges as follows:

## INTRODUCTION

1. Ms. Wade was injured on a hoverboard sold by California-based Seller Interworks Unlimited, Inc. (the "Seller"). She provided materials to the Seller and its insurer, Chubb, supporting her claims for injuries caused by that product. The Seller did not respond to those materials.

2. As a result, Ms. Wade sued the Seller in this Court. That case is listed in Section VIII, "Related Cases," of the civil cover sheet filed by Ms. Wade in this matter.[1] The Seller defaulted, and the Clerk of Court entered default. Ms. Wade then moved this Court for and, following an evidentiary hearing on damages, ultimately secured a default final judgment against the Seller for $2 million plus pre-judgment and post-judgment interest.

---

[1] *Wade v. Interworks Unlimited, Inc.*, Case No. 3:18cv828 (MHL) (E.D. Va.) (the "underlying suit").

3. Chubb did not defend or indemnify the Seller in connection with the underlying injury claim and suit. Ms. Wade's judgment against Chubb's insured, the Seller, remains unsatisfied.

4. Now, Ms. Wade, as a judgment creditor, seeks to recover on her judgment against the Seller directly from the Seller's insured, Chubb.

## THE PARTIES

5. Ms. Wade is a citizen and domiciliary of the Commonwealth of Virginia.

6. Chubb is a corporation headquartered in Indiana with its principal place of business located in New Jersey. Chubb contracted to provide Seller liability insurance under a policy in effect when the underlying accident happened.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a), because Ms. Wade, on the one hand, and Chubb, on the other hand, are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

8. Venue is proper in this district and division under 28 U.S.C. § 1391(a), because Chubb resides in this district and division. Also, a substantial part of the acts and omissions giving rise to Wade's claims occurred in this district and division.

## COUNT I
### Breach of Insurance Contract

9. Ms. Wade incorporates the foregoing allegations as though fully set forth here.

10. Chubb contracted with Seller to defend and indemnify the underlying suit. Chubb failed to defend Seller in the underlying suit, thereby breaching the Policy. Chubb also has refused to indemnify Seller against the underlying suit, as well as Ms. Wade's resulting judgement against Seller.

11. Seller performed under the Policies, or such performance was excused by Chubb's breach.

12. Seller suffered from damages both actually and proximately caused by Chubb's breach of the Policy terms.

13. As a result, Seller incurred $2 million in such damages—the amount of Ms. Wade's judgment against it (not including pre-judgment and post-judgment interest).

14. Seller's claim against Chubb has been assigned to Ms. Wade, by law or otherwise.

## COUNT II
### Judgment Creditor Claim—Virginia Code § 38.2-2200

15. Ms. Wade incorporates the foregoing allegations as though fully set forth here.

16. Alternatively, Ms. Wade brings a claim under Virginia Code § 38.2-2200.

17. Ms. Wade secured a $2 million default judgment against Seller. However, Seller has not satisfied that judgment.

18. Virginia Code § 38.2-2200 allows direct actions by judgement creditors against the liability carriers of insured judgment debtors.

19. Ms. Wade's judgment against Seller allows her to recover that judgment plus interest directly from Chubb through this coverage action.

## COUNT III
### Judgment Creditor Claim—California Insurance Code § 11580

20. Ms. Wade incorporates the foregoing allegations as though fully set forth here.

21. Alternatively, Ms. Wade brings a claim under California Insurance Code § 11580.

22. Ms. Wade secured a $2 million default judgment against Seller. That judgment remains unsatisfied by Seller, the judgment debtor, or any other insurer.

23. California Insurance Code § 11580 allows direct actions by judgement creditors against the liability carriers of insured judgment debtors.

24. Ms. Wade's judgment against Seller allows her to recover that judgment plus interest directly from Chubb through this coverage action.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Wade respectfully requests that the Court:

A. Grant judgment in the amount of at least $2 million in favor of Ms. Wade against Chubb for the breaches of the duty to defend and indemnify that Chubb owed to Seller in connection with the underlying suit and judgment;

B. Alternatively, grant judgement in favor of Ms. Wade against Chubb for the judgment against Seller under Virginia Code § 38.2-2200 for the full policy limits;

C. Alternatively, grant judgement in favor of Ms. Wade against Chubb for the judgment against Seller under California Insurance Code § 11580 for the full policy limits;

D. Award Ms. Wade pre-judgment and post-judgment interest;

E. Award Ms. Wade costs; and

F. Award Ms. Wade all other relief the Court deems just and proper.

Respectfully submitted,
SHERI WADE

By: _____/s/_____
　　　　　　Counsel

Jonathan E. Halperin, Esq. (VSB No. 32698)
Darrell J. Getman, Esq. (VSB No. 95791)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100

Glen Allen, VA 23060
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
darrell@hlc.law
*Counsel for Plaintiff*

and

Brody Reid, Esq. (VSB No.75343)
Reid Goodwin, PLC
4116 Fitzhugh Avenue
Richmond, Virginia 23230
Phone: (804) 415-7800
Facsimile: (804) 415-7560
breid@reidgoodwin.com
*Counsel for Plaintiff*

and

John J. Rasmussen, Esq. (VSB No.45787)
Insurance Recovery Law Group, PLC
P.O. Box 38518
Richmond, Virginia 23231
Phone: (804) 308-1359
jjr@insurance-recovery.com
*Counsel for Plaintiff*